UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-046 |
| | ) | (PHILLIPS/SHIRLEY) |
| KATRINA SOUTO, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motion hearing on April 21, 2009. Attorney Boyd Venable was present representing Defendant Katrina Souto, who was also present. Assistant United States Attorney Tracee Plowell was present representing the Government.

Attorney Venable filed a Motion to Withdraw [Doc. 141] in this case on April 14, 2009. In his motion, Attorney Venable states that his application for employment at a federal agency has been accepted, and his employment at that agency will commence on April 27, 2009. Thus, he will no longer maintain a private legal practice, and he seeks to withdraw as counsel for Defendant Souto. At the hearing, the Defendant confirmed that she understood that Attorney Venable sought to withdraw and stated that she had no objection to his withdrawal. The Government stated that it had no objection to the Motion to Withdraw.

The Court finds that Attorney Venable's employment with a federal agency creates a serious potential conflict with his continued representation of the Defendant. Because of this potential conflict, the Court finds the Motion to Withdraw **[Doc. 141]** to be well-taken, the same is

**GRANTED**, and Attorney Venable is relieved as counsel for the Defendant. See Wheat v. United States, 486 U.S. 153, 160 (1988) (holding that a court may disqualify the defendant's counsel, even when the defendant offers to waive any conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings); Glasser v. United States, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987).

Attorney Wayne Stanbaugh was present at the hearing and stated that he was willing to be appointed as counsel for Defendant Souto in this case. Defendant Souto stated that she had no objection to Attorney Stanbaugh's appointment. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Attorney Wayne Stanbaugh under the Civil Justice Act (CJA) as counsel of record for Defendant Katrina Souto.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

2